IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

**KENNETH N. GRANTHAM** **APPELLANT**

**V.** **CIVIL ACTION NO. 1:15-CV-749-KS**

**JUNE HEAD WHITE** **APPELLEE**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on appeal from the Order Awarding Attorney's Fees entered by the United States Bankruptcy Court of the Middle District of Alabama ("Bankruptcy Court") on September 25, 2015. For the reasons stated below, the Court affirms the decision of the Bankruptcy Court.

**I.  BACKGROUND**

Appellee June Head White ("Appellee") initiated this action against Appellant Kenneth N. Grantham ("Appellant"), First Financial, LLC ("First Financial"), and Thadius William Morgan, Jr. ("Morgan"), in response to a debt collection suit First Financial filed in state court for the amount of $12,168.22. Appellee claimed that the collection of the debt was in violation of the Bankruptcy Court's previous Discharge Order under Chapter 13 of the Bankruptcy Code. Appellee succeeded in her claims against Appellant and First Financial, but not against Morgan. The Bankruptcy Court entered Judgment against Appellant and First Financial, enjoining First Financial from pursuing its debt collection action and ordering First Financial to release a lien it had levied on Appellee's car. Appellee was also awarded the sum of $1,613.80 in monetary damages, plus costs and attorney's fees, against both Appellant and First Financial.

On September 25, 2015, the Bankruptcy Court entered an order awarding attorney's fees in the amount of $23,327.53, to be recovered from both Appellant and First Financial. Only Appellant appealed.

## II.  STANDARD OF REVIEW

The Court reviews the Bankruptcy Court's conclusions of law *de novo*, while it reviews findings of fact for clear error. *Jove Eng'g, Inc. v. Internal Revenue Serv.*, 92 F.3d 1539, 1545 (11th Cir. 1996). A finding of fact "is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *Elston v. Talladega Cnty. Bd. of Ed.*, 997 F.2d 1394, 1405 (11th Cir. 1993)). Furthermore, "[a]rguments raised for the first time on appeal are not properly before this Court." *Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir. 2000) (citing *Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994), *cert. denied*, 511 U.S. 1111, 114 S. Ct. 2111, 128 L.Ed.2d 671 (1994)).

## III. DISCUSSION

Appellant does not challenge the award of attorney's fees, only the amount of the award. He puts forth five arguments to show that the amount is excessive. First, Appellant argues that the amount includes those fees associated with Appellee's failed claim against Morgan. Because Appellee did not succeed under this claim, Appellant argues that the award of attorney's fees cannot include these fees. Second, Appellant argues that the reduction of the fees by $2,600 at Appellee's request was arbitrary and is evidence that the amount purportedly billed for the services provided is unreliable. Third, Appellant asserts that the number of hours listed as being billed is unreasonable because, as a skilled bankruptcy attorney, Nick Wooten ("Wooten"), Appellee's attorney, would not have needed to dedicate as many hours to an "apparently simple" case. (Appellant's Brief [14] at p.16.) Fourth, Appellant contends a reduction of the award is warranted because the judgment

2

received in that action was so small.  Fifth, Appellant argues that the hourly rate claimed by Appellee's attorney is excessive and improper.  The Court considers each of these arguments in turn.

### A. Fees Associated with Appellee's Claim Against Morgan

Appellant argues that a portion of the fees claimed is for work done in prosecuting Appellee's claim against Morgan, on which she did not succeed.  This argument was never raised in Appellant's objections to the award in the Bankruptcy Court, and as such, is not properly before the Court.  *See Hurley*, 233 F.3d at 1297 (citing *Walker*, 10 F.3d at 1572).  Therefore, the Court cannot reverse the award under this argument.

### B. Reduction of Fees by Appellee

In submitted his invoice to the Bankruptcy Court, Wooten reduced the amount billed by $2,600 "to account for any time entries which might be considered to be arguably duplicative, involving research capable of being used in other cases or arguably excess and related primarily to time spent conferring with [his] paralegal on discovery issues and phone conversations . . . ." (Declaration of Wooten [4-5] at p. 13.)  Appellant argues for the first time on appeal that this reduction is evidence of the unreliability of Wooten's invoice.  Because this argument was never before the Bankruptcy Court, the Court will not consider it now on appeal.  *See Hurley*, 233 F.3d at 1297 (citing *Walker*, 10 F.3d at 1572).

### C. Unreasonable Number of Hours Billed

Appellant argues that because this case was relatively simple and involved little pre-trial discovery, the hours billed for Wooten's services is excessive.  As the Bankruptcy Court awarded fees and costs in the amount claimed by Appellee, the Court assumes that it made a factual finding

that the number of hours billed was reasonable.[1]  As this is a factual finding, the Court reviews it for clear error.

In reviewing the Invoice submitted, the Court is not left with a "definite and firm conviction that a mistake has been committed" in the Bankruptcy Court's finding that the hours billed were reasonably necessary.  *See Jove Eng'g, Inc.*, 92 F.3d at 1544 (quoting *Elston*, 997 F.2d at 1405).  Appellant does not challenge any specific item of the Invoice in his arguments to this Court, though he did offer such specific arguments to the Bankruptcy Court.  In his brief, Appellant only challenges the Invoice as a whole, arguing "'[H]ow can all the hours listed by required to meet the reasonable and necessary hours test as itemized' when one remembers applicant Attorney Wooten suggests he is a skilled bankruptcy attorney deserving a high hourly rate[?]" (Appellant's Brief [14] at p. 16.)  The Bankruptcy Court, which, as the trial court, is in the best position to judge the number of hours that were reasonable and necessary for the attorneys to expend, found that the listed hours did meet the reasonable and necessary standard.  A review of the Invoice by this Court does not leave an impression that this finding was a mistake on the part of the Bankruptcy Court.  Therefore, the Court will not reverse on this argument.

### D.     Size of the Judgment

Appellant contends that a reduction of the award of attorney's fees is warranted because the judgment award to Appellee is small in comparison.  In his Reply Brief, Appellant clarifies that this is not a proportional argument, but rather an argument that the fees billed are excessive in relation to the work associated with the case. (Appellant Reply Brief [16] at p. 3.)  This appears to be an

---

[1]Findings of fact and conclusions of law were made on the record at a telephonic hearing held on September 24, 2015.  A transcript of this hearing was not provided to the Court on appeal.

4

argument under *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Specifically, Appellant seems to argue that because the amount disputed in the litigation was limited to the amount awarded in the judgment, the attorney's fees should likewise be limited. *See Watford v. Heckler*, 765 F.2d 1562, 1568-69 (11th Cir. 1985) (citing *Johnson*, 488 F.2d at 718) (holding that "the amount involved and the results obtained" is a factor that must be considered when awarding attorney's fees). The Bankruptcy Court's legal conclusion that the attorney's fee award is allowed under the law despite the amount involved is reviewed *de novo*.

The Eleventh Circuit has held that no single factor under *Johnson* "should be stressed to the neglect of the others." *Id.* at 1569 (quoting *Jones v. Diamond*, 636 F.2d 1364, 1382 (5th Cir. 1981) (en banc), *cert. dismissed* 453 U.S. 950, 102 S. Ct. 27, 69 L.Ed.2d 1033 (1981)). Furthermore, "[a]lthough the amount involved is generally a factor to be considered, a fee award may not be limited to a 'modest proportion of the total monetary recovery' or even to 'the [total] amount recovered.'" *Id.* (quoting *Harkless v. Sweeny Indep. Sch. Dis.*, 608 F.2d 594, 598 (5th Cir. 1979)) (alteration in original).

Though the actual sum awarded to Appellee in judgment was $1,613.80, the record reflects that she originally brought her Complaint in response to the suit by First Financial, which sought $12,168.22 plus attorney's fees in violation of the Discharge Order. (*See* Complaint [4-2] at p. 10.) Furthermore, though the monetary judgment was small, the Bankruptcy Court awarded Appellee equitable relief in the ordering of the dismissal of the suit by First Financial and the lifting of the lien First Financial had levied on Appellee's vehicle. Considering the value of the case to the Appellee *ex ante*, the Court does not find that attorney's fees amounting to $23,327.53 so disproportionate to the amount involved in the case so as to favor a reduction in attorney's fees. Therefore, the Court will not reverse the award on this argument.

5

### E.      Unreasonable Hourly Rate

Appellant argues that the rate charged by Wooten in this case is excessive because its reasonableness is based on the fees charged by attorneys doing similar work in Washington, D.C., not Athens, Georgia, where the action was actually litigated.  Appellant never raised this argument to the Bankruptcy Court[2] and cannot prevail on it now.  *See Hurley*, 233 F.3d at 1297 (citing *Walker*, 10 F.3d at 1572).

### IV.  CONCLUSION

For the reasons stated above, the Court **affirms** the Bankruptcy Court's award of attorney's fees in the amount of $23,327.53.

SO ORDERED AND ADJUDGED this the 5th day of July, 2016.

>                     *s/Keith Starrett*
>                     UNITED STATES DISTRICT JUDGE

---

[2]In his objections below, Appellant makes only the bare assertion that the rate "is grossly excessive."

6